IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TRAVIS TOWLE,

                Plaintiff,

vs.                                             Case No. 12-1239-SAC

CAROLYN W. COLVIN,
Acting Commissioner of
Social Security,[1]

                Defendant.


MEMORANDUM AND ORDER

This is an action reviewing the final decision of the Commissioner of Social Security denying the plaintiff disability insurance benefits. The matter has been fully briefed by the parties.

**I. General legal standards**

The court's standard of review is set forth in 42 U.S.C. § 405(g), which provides that "the findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." The court should review the Commissioner's decision to determine only whether the decision was supported by substantial evidence and whether the Commissioner applied the correct legal standards. <u>Glenn v. Shalala</u>, 21 F.3d 983, 984 (10th Cir. 1994). Substantial evidence requires more than a

---

[1] Carolyn W. Colvin became Acting Commissioner of Social Security on February 14, 2013, replacing Michael J. Astrue, the former Commissioner of Social Security.

scintilla, but less than a preponderance, and is satisfied by such evidence that a reasonable mind might accept to support the conclusion. The determination of whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it really constitutes mere conclusion. Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989). Although the court is not to reweigh the evidence, the findings of the Commissioner will not be mechanically accepted. Nor will the findings be affirmed by isolating facts and labeling them substantial evidence, as the court must scrutinize the entire record in determining whether the Commissioner's conclusions are rational. Graham v. Sullivan, 794 F. Supp. 1045, 1047 (D. Kan. 1992). The court should examine the record as a whole, including whatever in the record fairly detracts from the weight of the Commissioner's decision and, on that basis, determine if the substantiality of the evidence test has been met. Glenn, 21 F.3d at 984.

The Social Security Act provides that an individual shall be determined to be under a disability only if the claimant can establish that they have a physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity (SGA). The claimant's physical or

mental impairment or impairments must be of such severity that they are not only unable to perform their previous work but cannot, considering their age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. 42 U.S.C. § 423(d).

The Commissioner has established a five-step sequential evaluation process to determine disability. If at any step a finding of disability or non-disability can be made, the Commissioner will not review the claim further. At step one, the agency will find non-disability unless the claimant can show that he or she is not working at a "substantial gainful activity." At step two, the agency will find non-disability unless the claimant shows that he or she has a "severe impairment," which is defined as any "impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities." At step three, the agency determines whether the impairment which enabled the claimant to survive step two is on the list of impairments presumed severe enough to render one disabled. If the claimant's impairment does not meet or equal a listed impairment, the inquiry proceeds to step four, at which the agency assesses whether the claimant can do his or her previous work; unless the claimant shows that he or she cannot perform their previous work, they are determined not to be disabled. If

the claimant survives step four, the fifth and final step requires the agency to consider vocational factors (the claimant's age, education, and past work experience) and to determine whether the claimant is capable of performing other jobs existing in significant numbers in the national economy. Barnhart v. Thomas, 124 S. Ct. 376, 379-380 (2003).

The claimant bears the burden of proof through step four of the analysis. Nielson v. Sullivan, 992 F.2d 1118, 1120 (10th Cir. 1993). At step five, the burden shifts to the Commissioner to show that the claimant can perform other work that exists in the national economy. Nielson, 992 F.2d at 1120; Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993). The Commissioner meets this burden if the decision is supported by substantial evidence. Thompson, 987 F.2d at 1487.

Before going from step three to step four, the agency will assess the claimant's residual functional capacity (RFC). This RFC assessment is used to evaluate the claim at both step four and step five. 20 C.F.R. §§ 404.1520(a)(4), 404.1520(e,f,g); 416.920(a)(4), 416.920(e,f,g).

## II. History of case

March 25, 2011, administrative law judge (ALJ) Christina Young Mein issued her decision (R. at 9-17). Plaintiff alleges that he has been disabled from September 1, 2002 through March 31, 2003 (R. at 9). Plaintiff is insured for disability

insurance benefits through March 31, 2003 (R. at 11). At step one, the ALJ found that plaintiff has not engaged in substantial gainful activity for the time period in question (R. at 11). At step two, the ALJ found that plaintiff has the following severe impairments: status post kidney transplant and disturbed sleep pattern (R. at 11). At step three, the ALJ determined that plaintiff's impairments do not meet or equal a listed impairment (R. at 13). After determining plaintiff's RFC (R. at 13), the ALJ determined at step four that plaintiff is unable to perform any past relevant work (R. at 16). At step five, the ALJ determined that plaintiff could perform other jobs that exist in significant numbers in the national economy (R. at 16-17). Therefore, the ALJ concluded that plaintiff was not disabled (R. at 17).

**III. Did the ALJ err in failing to order a consultative examination?**

At the hearing on March 9, 2011, plaintiff's attorney asked the A.L.J. to order a consultative examination regarding the tremors in plaintiff's hands (R. at 38, 62-63). The ALJ denied the request because it would not matter what is determined during an examination at this time because it has been eight years past the relevant period (R. at 15).

Consultative medical examinations may be ordered by the ALJ when the information needed is not readily available from

5

medical treatment sources. 20 C.F.R. §§ 404.1512(e), 404.1519a. The Commissioner has broad latitude in ordering consultative examinations. Nevertheless, it is clear that, where there is a direct conflict in the medical evidence requiring resolution, or where the medical evidence in the record is inconclusive, a consultative examination is often required for proper resolution of a disability claim. Similarly, where additional tests are required to explain a diagnosis already contained in the record, resort to a consultative examination may be necessary. There must be present some objective evidence in the record suggesting the existence of a condition which could have a material impact on the disability decision requiring further investigation. The claimant has the burden to make sure there is, in the record, evidence sufficient to suggest a reasonable possibility that a severe impairment exists. When the claimant has satisfied this burden in that regard, it then becomes the responsibility of the ALJ to order a consultative examination if such an examination is necessary or helpful to resolve the issue of impairment. In a counseled case, the ALJ may ordinarily require counsel to identify the issue or issues requiring further development. In the absence of such a request by counsel, the court will not impose a duty on the ALJ to order a consultative examination unless the need for one is clearly established in the record. The ALJ should order a consultative exam when evidence in the

record establishes the reasonable possibility of the existence of a disability and the result of the consultative exam could reasonably be expected to be of material assistance in resolving the issue of disability. Hawkins v. Chater, 113 F.3d 1162, 1166-1168, 1169 (10th Cir. 1997; see Madrid v. Barnhart, 447 F.3d 788, 791-792 (10th Cir. 2006)(where additional tests are required to explain a diagnosis already in the record, resort to a consultative examination may be necessary).

The time period in question is September 1, 2002 through March 31, 2003. The record contains a consultative examination dated July 30, 2002 (R. at 342-343), and a medical record dated January 31, 2003 noting hand tremors (R. at 391). The record also contains a physical RFC assessment dated November 26, 2002 (R. at 368-376), and a physical RFC assessment dated February 22, 2010 and affirmed by Dr. Siemsen on March 29, 2010 (R. at 395-402, 418). Both assessments reviewed the medical records for the time period in question, and referenced plaintiff's hand tremors or shakiness (R. at 370, 402).

In light of the medical evidence in the record, including the diagnosis of hand tremors and a consultative examination for the time period in question, and the fact that an examination in 2011 would be of limited usefulness in determining the extent of plaintiff's hand tremors in 2002-2003, the need for a consultative examination has not been clearly established by the

7

plaintiff.  None of the medical evidence indicates that plaintiff's hand tremors would limit plaintiff's ability to engage in fingering or handling.  Given the broad latitude accorded to an ALJ in ordering a consultative examination, the court finds no clear error by the ALJ in not ordering a consultative examination on the facts of this case.

**IV.  Did the ALJ err in her RFC findings?**

The ALJ limited plaintiff to light work, and limited plaintiff to occasional climbing, balancing, stooping, kneeling, crouching and crawling (R. at 13).  In making these findings, the ALJ gave great weight to the two state agency assessments, which also limited plaintiff to light work (R. at 15-16).  The ALJ further added some postural limitations based on plaintiff's subjective complaints (R. at 16).

Plaintiff argues that the ALJ failed to explain the impact of the severe impairment of plaintiff's disturbed sleep pattern.  However, the two stage agency assessments considered plaintiff's insomnia (R. at 370) or disturbed sleep pattern (R. at 402).  Given the great weight that the ALJ gave to the two assessments, and the lack of any contrary medical opinion evidence regarding plaintiff's RFC, the court finds that the ALJ did not err by relying on the two assessments which took into consideration plaintiff's insomnia or disturbed sleep pattern.

**V. Did the ALJ err in her consideration of plaintiff's testimony?**

Plaintiff testified that he had problems with bilateral hand and finger tremors. The ALJ discounted this testimony, noting that plaintiff, during the relevant period, ran a candy vending machine, used a computer, played video games and drove (R. at 12).

The court will not reweigh the evidence or substitute its judgment for that of the Commissioner. Hackett v. Barnhart, 395 F.3d 1168, 1173 (10th Cir. 2005); White v. Barnhart, 287 F.3d 903, 905, 908, 909 (10th Cir. 2002). Although the court will not reweigh the evidence, the conclusions reached by the ALJ must be reasonable and consistent with the evidence. See Glenn v. Shalala, 21 F.3d 983, 988 (10th Cir. 1994)(the court must affirm if, considering the evidence as a whole, there is sufficient evidence which a reasonable mind might accept as adequate to support a conclusion).

As noted above, none of the medical evidence indicates that plaintiff's hand tremors would limit his ability to engage in handling or fingering. The court will not reweigh the evidence. The court finds no clear error by the ALJ in her evaluation of plaintiff's testimony in light of all the evidence, including the medical evidence.

**VI. Did the ALJ err in her consideration of the statements of plaintiff's mother?**

Plaintiff's mother prepared a statement which is dated January 2, 2010 (R. at 265-272). The ALJ indicated that the statements contained within the report appear to be mostly discussing plaintiff's current capabilities and not his capabilities during the relevant period. The ALJ therefore gave little weight to the mother's statements (R. at 16).

As noted above, the court will not reweigh the evidence. In light of all the evidence, including the medical evidence, the court finds no clear error by the ALJ in her consideration of the statements of plaintiff's mother.

IT IS THEREFORE ORDERED that the judgment of the Commissioner is affirmed pursuant to sentence four of 42 U.S.C. § 405(g).

Dated this 15th day of January 2014, Topeka, Kansas.

s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge